IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSEMARY W. MARINER, | § | |
| *Plaintiff* | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| TEXAS BOLL WEEVIL | § | |
| ERADICATION FOUNDATION, INC. | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, ROSEMARY W. MARINER, by and through her undersigned attorney, complains of Defendant TEXAS BOLL WEEVIL ERADICATION FOUNDATION, INC.

### *JURISDICTION AND VENUE*

1. This is an action brought to remedy discrimination in employment on the basis of disability in violation of the Americans with Disabilities Act of 1990, 42 USC Section 12101 et seq., the ADA Amendments Act of 2008, collectively the ("ADA") and 28 USC Section 1343.

2. Plaintiff Rosemary W. Mariner ("Plaintiff") filed a charge of discrimination against Boll Weevil Eradication Foundation, Inc. ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") on or about August 19, 2008, complaining of the acts of disability based discrimination described herein.

3. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court. Jurisdiction of this Court over this action is proper under the Americans with Disabilities Act of 1990, 42 USC Section 12101 et seq., the ADA Amendments Act of 2008 and 28 USC Section 1343.

4.      The unlawful employment practices of which Plaintiff complains occurred within the Southern District of Texas and venue is therefore proper in this District.

## *PARTIES*

5.      Plaintiff, Rosemary W. Mariner, is an insulin-dependent diabetic.

6.      Defendant, Texas Boll Weevil Eradication Foundation, is a non-profit corporation authorized by the Texas Legislature to carry out boll weevil eradication programs in the state under the supervision of the Texas Department of Agriculture.

## *FACTS*

7.      Plaintiff was previously employed by Defendant as a Field Technician from approximately February, 2005 through September, 2006. During said employment, Defendant was aware of Plaintiff's disability and, additionally, regarded Plaintiff as disabled. Plaintiff's employment ended in September, 2006, as part of Defendant's seasonal lay-off.

8.      On or about January 28, 2008, Plaintiff applied for the Field Technician position in Defendant's Bay City office.

9.      Although Plaintiff was qualified for the position for which she applied and could perform the essential functions of the job with or without a reasonable accommodation, Defendant refused to hire Plaintiff.

10.     Instead, Defendant hired individuals with less experience and qualifications than Plaintiff.

## *VIOLATION OF ADA*

11.     Plaintiff incorporates each of the foregoing paragraphs as if full set forth herein.

12.     Plaintiff has a disability as that term is defined by the ADA.

13. First, Plaintiff is a qualified individual with an actual impairment disability, insulin-dependent diabetes.

14. Second, even if Plaintiff does not have an actual impairment that substantially limits one or more major life activities, the Defendant regarded Plaintiff as having such an impairment.

15. At all relevant times, Plaintiff was able to perform the essential functions of the job for which she applied with Defendant with or without an accommodation.

16. The Defendant refused to hire Plaintiff because of her disability, or perceived disability.

17. The Defendant discriminated against Plaintiff because of her disability.

18. Such conduct violated the ADA.

19. Plaintiff has been damaged as a result of the Defendant's discrimination against her.

## *ATTORNEY'S FEES*

20. If Plaintiff is the prevailing party, he seeks fees pursuant to the terms of the Americans with Disabilities Act.

## *JURY DEMAND*

21. Plaintiff demands a jury trial as to all claims that may be tried to a jury.

## *PRAYER*

Wherefore, Plaintiff respectfully requests that the Defendant be cited to Answer this Complaint, and to defend against the allegations contained herein. Plaintiff asks that the Court award him, to the fullest extent allowed by law:

    a. Back pay;
    b. Compensatory damages;
    c. Punitive damages;
    d. Attorneys fees;
    e. Costs, including expert witness fees; and

f.  Such other and further relief to which Plaintiff may show himself entitled.

                                    Respectfully submitted,

                                    By:___/s/ Clark Woodson III_____
                                       Clark Woodson III
                                       601 East Myrtle
                                       Angleton, Texas 77515
                                       (979) 849-6080 Telephone
                                       (979) 849-7070 Facsimile
                                       State Bar No. 00794880
                                       S.D. Bar Bo. 21481
                                       **Attorney for Plaintiff**